# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| TONY VON CARRUTHERS, | ) | |
| | ) | **CAPITAL CASE** |
| Plaintiff, | ) | **EXECUTION: May 21, 2026** |
| | ) | |
| v. | ) | No. 3:26-cv-540 |
| | ) | |
| JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of the State of Tennessee, | ) ) ) | Judge Richardson |
| | ) | |
| HEIDI KUHN, in her official capacity as Shelby County Clerk of Court, | ) ) | |
| | ) | |
| STEVE MULROY, in his official capacity as District Attorney for the 30th Judicial District, | ) ) ) | |
| | ) | |
| CERELYN DAVIS, in her official capacity as Chief of Memphis Police, | ) ) | |
| | ) | |
| DAVID RAUSCH, in his official capacity as Director of the Tennessee Bureau of Investigation, | ) ) ) | |
| | ) | |
| DR. SCOTT COLLIER, in his official capacity as Chief, Shelby County Medical Examiner, | ) ) ) | |
| | ) | |
| FRANK STRADA, in his official capacity as Commissioner of the Tennessee Department of Correction, and | ) ) ) | |
| | ) | |
| KENNETH NELSEN, in his official capacity as Warden of the Riverbend Maximum Security Institution, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO STAY LITIGATION AND SECOND EMERGENCY MOTION FOR STAY OF EXECUTION

## INTRODUCTION

Having already sought one last-minute stay of execution based on the claims in this suit about Tennessee's Fingerprint Analysis Act, Dkt. 3, Carruthers now seeks even more extraordinary relief: a stay based on claims relating to Tennessee's DNA Analysis Act that he has not yet brought. At the same time, he asks this Court to stay this Fingerprint Act litigation over while he pursues DNA testing in state court. The Court should deny these contradictory and baseless requests.

## BACKGROUND

In this case, Carruthers challenges the constitutionality of Tennessee's Post-conviction Fingerprint Analysis Act. Compl., Dkt. 1 at 3. That Act lets convicted murderers seek post-conviction fingerprint analysis of evidence relevant to their conviction if they meet certain threshold requirements. Dkt. 24 at 4-5. Carruthers sought a stay of execution based on those claims, Dkt. 3, and the State Defendants have responded, Dkt. 24. When Carruthers files his optional reply, Dkt. 12, that motion will be ripe for decision.

Now Carruthers has filed a second motion seeking relief related to his "intend[ed] . . . amend[ment]" to challenge the constitutionality of Tennessee's Post-Conviction DNA Analysis Act. Dkt. 22 at 2. The DNA Act is nearly "identical" to the Fingerprint Act. *Brown v. State*, No. W2024-01291-CCA-R3-ECN, 2025 WL 1514669, at *5 (Tenn. Crim. App. May 28, 2025); Dkt. 1 at 17. It offers the same two paths to testing evidence—one mandatory and one discretionary—and the same sets of four criteria govern whether testing is available. *Compare* Tenn. Code Ann. §§ 40-30-304, -305 (DNA) *with* §§ 40-30-404, -405 (Fingerprint). *See* Dkt. 24 at 4. Tennessee courts apply the same reasoning when evaluating requests under either act. *Brown*, 2025 WL 1514669, at *5; *see* Dkt. 24 at 4-5. And the same remedies are available if an inmate secures favorable results. *Comp.* Tenn. Code Ann. § 40-30-312 *with* § 40-30-412.

Carruthers has, still to date, explicitly not challenged the DNA Act in this case. His complaint expressly excluded and "reserve[d]" his DNA Act claims. Dkt. 1 at 2 n.1. He wanted

2

instead to pursue a request for DNA testing with the Tennessee Supreme Court.  *Id*.  And when the Tennessee Supreme Court rejected that claim, Dkt. 22-1, he filed a new claim in the Criminal Court for the 30th Judicial District of Tennessee, Dkt. 22-2.  That case is still pending.  Dkt. 22 at 2.  Carruthers says he still plans to amend his federal complaint but "first" wants to pursue his claim in state court.  *Id*.

Carruthers now seeks "a stay of execution" so that he will not "be permanently deprived of the opportunity" to bring his DNA Act claim to federal court.  Dkt. 22 at 3.  In the same motion, he also asks to pause the ongoing Fingerprint Act litigation "until [his] pending request for DNA testing in state court is resolved."  Dkt. 22 at 3.

## LEGAL STANDARD

Preliminary injunctions and stays of executions are both "tightly guarded" equitable remedies available only in "extraordinary cases."  *Doe v. Lee*, 137 F.4th 569, 575 (6th Cir. 2025); *In re Black*, 148 F.4th 375, 381 (6th Cir. 2025).  Courts "ought to guard [them] with extreme caution," lest they become tools "of irreparable injustice."  *Doe*, 137 F.4th at 575.  To obtain either remedy, the applicant must show all four of: (1) likelihood of success on the merits; (2) irreparable harm absent a stay; (3) that the stay will not cause substantial harm to others; and (4) that the stay serves the public interest.  *In re Black*, 148 F.4th at 381; *EOG Resources, Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 883 (6th Cir. 2025).  That showing must be "clear"—a standard "much higher" than that required at summary judgment.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Meanwhile, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The party seeking a stay of proceedings must show a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order."  *Ohio Env't Council v. United States District Court, S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977).  So courts weigh three factors

3

to decide whether to stay litigation: "(1) any prejudice to the non-moving party if a stay is granted, (2) any prejudice to the moving party if a stay is not granted, and (3) the extent to which judicial economy and efficiency would be served by the entry of a stay." *Does #1-3 v. Lee*, No. 3:19-cv-00532, 2020 WL 4904663, at \*1 (M.D. Tenn. Feb. 18, 2020); *see FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (considering stay of civil proceedings pending criminal prosecution).

## ARGUMENT

### I.     The Court Should Not Stay Carruthers's Execution for Unpleaded Claims.

The State Defendants have already demonstrated why Carruthers's Fingerprint Act claims cannot earn him a stay of execution. To start, his attack on state-court process can only earn him more process—not relief from his sentence. Dkt. 24 at 10. So staying Carruthers's execution is beyond this Court's equitable powers. *Id*. at 10-11. Carruthers's facial and as-applied due process and access-to-courts challenges are also unlikely to succeed on the merits because Tennessee's postconviction procedures give Carruthers ample access to the courts with fundamentally fair procedures. *Id*. at 11-17. Besides, he has not even established this Court's jurisdiction because he has not shown standing against any defendant for his requested stay of execution, *id*. at 17-20, and this suit is barred by the *Rooker-Feldman* doctrine as a de facto appeal from a state court judgment, *id*. at 20-23. And Carruthers's abusive delay tactics are alone reason to deny a stay, especially when weighed against the State's and victims' strong interests in finality. *Id*. at 23-26.

The same arguments foreclose relief on Carruthers's second stay motion relating to the DNA Act. Carruthers concedes as much by making no independent argument on the merits of his second stay request. He never even articulates the legal claims or theories on which he believes he is likely to succeed. And his attempt to "incorporate[] . . . by reference" briefing on other claims challenging a separate statute, Dkt. 22 at 5, is inadequate to support a stay of execution. *Northland*

4

*Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003). So this Court can deny his second motion for the same reasons as the first.

Through his last-minute gamesmanship, Carruthers has given the Court yet another reason to deny this latest stay request. He deliberately withholds any challenge to the procedures under the DNA Act in his complaint—preferring to hold those claims back for later amendment. Dkt. 1 at 2, n.1. His latest motion admits those claims are still not before this Court; and even his state-court motion under the DNA Act raises no federal constitutional claim. Dkt. 22 at 2. So this second request for a stay of execution is premised on claims he has not even pleaded—much less proven—to this Court.

This Court cannot grant a stay on those unpleaded claims. Again, federal courts have no equitable power to "deal[] with a matter lying wholly outside the issues in [a] suit"—and there are no issues raised here. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Carruthers thus "ha[s] no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010); *Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018). Nor can Carruthers "obtain both the security of a stay of execution from a federal court while simultaneously reserving" his federal claims. *Steffen v. Tate*, 39 F.3d 622, 625 (6th Cir. 1994). And it is no defense that, once executed, Carruthers "can never in the future invoke the jurisdiction of the federal court." *Id*. "[T]here is no authority . . . to halt [executions] pending some future hypothetical application for federal jurisdiction over a matter." *Id*. "[A]n injunction to 'preserve' a case or controversy" is simply beyond the recognized power of the federal judiciary. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 642 (1977).

As suggested by his simultaneous request to "delay indefinitely any resort to [this Court] while he goes on to file yet additional proceedings in state court," Carruthers is deploying the same "ingenious logic trap" the Sixth Circuit has already foreclosed. *Steffen*, 39 F.3d at 626 (denying

5

stay for inmate based on unpleaded future habeas claim). "[A] federal court may not gratuitously stay a state execution while [an inmate] files in state court any and all papers that may occur to him." *Id*. at 627. The Tennessee Supreme Court can determine what state-court litigation warrants a stay. Tenn. Sup. Ct. R. 12(4)(E). This Court should deny Carruthers's second motion for a stay of execution.

## II. The Court, the Parties, and the Public Are Best Served by Prompt Rejection of Carruthers's Unfounded Claims.

Carruthers also offers no good reason to stay this litigation about the Fingerprint Act while he pursues DNA Act claims in state court. Indeed, he does not even explain what a stay would accomplish. But the answer is apparent: delay. This Court should not countenance that maneuver.

All the factors counsel against a stay. Start with Carruthers's unsupported invocation of judicial economy. He claims pausing this suit would "avoid duplicative simultaneous litigation." Dkt. 22 at 3. Not so. Carruthers has challenged only the Fingerprint Act in this litigation. Dkt. 1 at 40-41. Whatever claims about the DNA Act he might bring in the future likely fail for similar reasons. But there is nothing "duplicative" about this Court rejecting Carruthers's Fingerprint Act claims while he pursues DNA Act litigation in state court. And the time to "confirm that all avenues for relief in state court have been explored" has long since passed. Dkt. 22 at 3. As the Tennessee Supreme Court observed, this "eleventh-hour DNA claim . . . was not timely pursued via the existing DNA Act." Dkt. 22-1 at 2. Instead, it is Carruthers's request that would disrupt these proceedings. The Court has already ordered expedited briefing on Carruthers's request for a stay of execution such that it (and reviewing courts) may dispense with that request before his execution date. Dkt. 12. Waiting to resolve it will only cut into what little time the federal judiciary has to hear Carruthers's claims. That is not judicial economy.

Pausing also would prejudice the State. As reflected throughout Carruthers's filings, the State has been, and still is, actively defending his claims across state and federal courts. Because

6

of the dilatory nature of Carruthers's strategy, in each case the State must offer expedited responses, often to new theories. Compressing the time for the federal courts to resolve this litigation will likely leave courts with less-than-fulsome briefing. There is no reason to heap additional burdens on the State in defending Carruthers's last-minute attacks.

Even Carruthers would suffer from pausing this case. If his Fingerprint Act claims had merit, he would naturally want relief on those claims as quickly as possible. Thus, he could avoid the need for yet more last-minute litigation. But by pausing his Fingerprint Act litigation while he pursues other claims, Carruthers is abandoning whatever slim chance he had to obtain relief here.

Carruthers has chosen "to play 'chicken' with the state and federal courts on the eve of execution." *Bell v. Lynaugh*, 858 F.2d 978, 986 (5th Cir. 1988) (Jones, J., concurring). This Court should not flinch. The State has a "strong interest in enforcing its criminal judgments without undue interference." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). These "are matters too important to leave to procedural games." *Bell*, 858 F.2d at 986 (Jones, J., concurring). The Court should proceed on the claims Carruthers brought and deny a stay of execution swiftly.

## CONCLUSION

For these reasons, Carruthers's requests for a stay of execution and for a stay of this litigation should be denied.

<div style="margin-left:50%">

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Deputy Attorney General
Constitutional Defense Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-7400
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
*Counsel for State Defendants*

</div>

7

<div align="center">**CERTIFICATE OF SERVICE**</div>

I hereby certify that a true and exact copy of the foregoing was filed and served by operation of the Court's electronic filing system on this the 5th of May 2026, upon:

Lucas Cameron-Vaughn
Maria DeLiberato
ACLU
PO Box 120160
Nashville, TN 37212

Melanie C. Kalmanson
Quarles & Brady LLP
101 E. Kennedy Blvd.
Ste 3400
Tampa, FL 33602
*Counsel for Carruthers*

Michael Douglas Fitzgerald
UT Office of the General Counsel
Office of the General Counsel
505 Summer Place
Ste Utt#1111
Knoxville, TN 37902
*Counsel for Dr. Collier*

Emmett L. Whitwell
Shelby County Attorney's Office
160 N Main Street
Suite 950
Memphis, TN 38103
*Counsel for Kuhn*

/s/ *Cody N. Brandon*
CODY N. BRANDON
Deputy Attorney General

<div align="center">8</div>