# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **TONY CARRUTHERS,** | **Case No: 3:26-cv-00540** |
| **Plaintiff,** | **CAPITAL CASE** |
| **v.** | **Judge Richardson** |
| | <span style="color:red">**EXECUTION SCHEDULED MAY 21, 2026**</span> |
| **JONATHAN SKRMETTI, Attorney General, Tennessee, HEIDI KUHN, Shelby County Clerk of Court, STEVE MULROY, Shelby County District Attorney, CERELYN DAVIS, Chief, Memphis Police Department, DAVID RAUSCH, Director, Tennessee Bureau of Investigation, DR. SCOTT COLLIER, Chief, Shelby County Medical Examiner, FRANK STRADA, Commissioner, Tennessee Department of Correction, and KENNETH NELSON, Warden, Riverbend Maximum Security Institution, each in their official capacity,** | |
| **Defendants.** | |

_____ /

## PLAINTIFF'S REPLY TO STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO STAY LITIGATION AND SECOND EMERGENCY MOTION FOR STAY OF EXECUTION (DKT. 26)

Pursuant to this Court's Order dated May 6, 2026 (Dkt. 23), Plaintiff Tony Carruthers, by and through undersigned counsel, replies to the *State Defendants' Response in Opposition to Plaintiff's Emergency Motion to Stay Litigation and Second Motion for Stay of Execution* filed May 6, 2026 (Dkt. 26), and states as follows:[1]

---

[1] State Defendants, Tennessee Attorney General and Reporter Jonathan Skrmetti, 30th Judicial District Attorney General Steve Mulroy, Tennessee Bureau of Investigation Director David Rausch, Tennessee Department of Correction Commissioner Frank Strada, and Riverbend Maximum Security Institution Warden Kenneth Nelsen are referenced collectively as the "**State Defendants**."

1

1.      Mr. Carruthers' execution is scheduled for May 21, 2026. (*See* Dkt. 1-10.)

2.      On April 28, Mr. Carruthers filed his Complaint in this case (Dkt. 1) as well as an *Emergency Motion for Preliminary Injunction and Stay of Execution* (Dkt. 3, the "**First Motion**"). On May 4, 2026, Defendant Heidi Kuhn filed a response to the First Motion (Dkt. 20). Kuhn did not substantively oppose the relief sought in the First Motion; therefore, Mr. Carruthers did not file a reply. On May 5, the State Defendants filed their response to the First Motion (Dkt. 24.). The same day, Defendant Dr. Scott Collier also responded to the First Motion (Dkt. 25). Dr. Collier did not substantively oppose the relief sought in the First Motion; therefore, Mr. Carruthers did not file a reply. On May 8, Mr. Carruthers filed a reply to the State Defendants' response to the First Motion (Dkt. 33).

3.      On May 4, Mr. Carruthers filed an Emergency Motion for Stay Litigation and Second Motion for Stay of Execution (Dkt. 22, the "**Second Motion**"). On May 6, the State Defendants filed their response in opposition to the Second Motion (Dkt. 26). Also that day, Kuhn filed a response to the Second Motion. (Dkt. 27). On May 8, Dr. Collier responded to the Second Motion (Dkt. 34). Neither Kuhn nor Dr. Collier substantively oppose the relief sought in the Second Motion; therefore, Mr. Carruthers is not filing a reply to their responses.

4.      On May 8, Mr. Carruthers filed his Amended Complaint in this case (Dkt. 32).

## DISCUSSION

State Defendants' opposition confirms why this Court should grant the Second Motion. The State Defendants do not dispute the key fact that distinguishes the Second Motion from the First Motion: Mr. Carruthers' DNA Act litigation remains pending in state court. Instead, they ask this Court to proceed on an emergency timetable while that proceeding, and Mr. Carruthers' related

due-process claims, remain unresolved. That approach would not promote judicial economy, avoid prejudice, or serve the public interest. It would create exactly the duplicative, fragmented, and unnecessarily compressed litigation that the Second Motion seeks to avoid.

**I.    A stay of this litigation is warranted while Mr. Carruthers' DNA request in state court proceeds.**

This Court has discretion to stay litigation where justice requires and to control its docket with economy of time and effort for the Court, counsel, and the parties. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 807 (M.D. Tenn. 2019). The Second Motion asks for precisely that narrow, practical relief. After the Tennessee Supreme Court's Order (Dkt. 22-1), Mr. Carruthers filed his DNA Act request in the Criminal Court and requested expedited consideration. (*See* Dkt. 22-2.) That request remains pending. Because the State Defendants acknowledge that the DNA Act and Fingerprint Act are nearly "identical" and are evaluated under the same reasoning, resolving this federal litigation before the state court addresses Mr. Carruthers' pending DNA request would not conserve resources. It would risk piecemeal adjudication of overlapping issues concerning access to forensic testing in the days before a scheduled execution.

State Defendants say there is "nothing duplicative" about proceeding with the Fingerprint Act claims while the DNA Act litigation continues in state court.[2] That argument ignores their own premise. State Defendants contend the DNA Act and Fingerprint Act provide the same two paths to testing, use the same criteria, and are subject to the same reasoning. If that is so, then the state court's resolution of the pending DNA Act request may clarify, narrow, or alter the issues that must be litigated here, including the scope of the amended federal claims and the relief

---

[2] Since the State Defendants filed their response to the Second Motion, Mr. Carruthers has amended his claims in this case to include claims related to the DNA Act. (Dkt. 32.)

3

necessary to protect Mr. Carruthers' ability to obtain meaningful forensic testing. A brief stay pending resolution of the state-court proceedings, therefore, promotes efficiency; it does not obstruct it.

Nor is the requested stay indefinite. Mr. Carruthers sought expedited review in the Criminal Court because his execution date is imminent. And he seeks a stay in this Court tied to resolution of that pending request, not to hypothetical future litigation. By contrast, denying a stay would force the parties and this Court to litigate overlapping forensic-testing issues simultaneously, under avoidable emergency conditions. That is not the orderly administration of justice.

## II.     The Second Motion is not premised on a hypothetical claim.

State Defendants repeatedly characterize the Second Motion as seeking relief for claims that are not before the Court. That objection has been overtaken by the posture of the case. Mr. Carruthers has filed his Amended Complaint, which adds claims related to his claims under the DNA Act. (*See generally* Dkt. 32.) In any event, the Second Motion was not an effort to obtain an advisory stay based on some abstract future dispute. It was filed because Mr. Carruthers' impending execution threatens to moot any meaningful opportunity for Mr. Carruthers to seek relief in this Court.

The authorities already before the Court support that conclusion. *Skinner v. Switzer*, 562 U.S. 521 (2011), recognizes that a convicted person may use § 1983 to challenge a State's refusal to release biological evidence for testing. *Gutierrez v. Saenz*, 606 U.S. 305 (2025), confirms the liberty interest at stake in post-conviction testing claims and recognizes that a stay may be necessary to preserve the Court's ability to decide such claims before they become moot. State Defendants' contrary position would allow the State to execute Mr. Carruthers while the state-court DNA litigation is still pending and before this Court can consider the constitutional adequacy

4

of the procedures the State uses to deny such testing, which would render the right to seek review illusory.

State Defendants' reliance on cases addressing injunctions unrelated to pleaded claims does not fit this posture. Mr. Carruthers is not asking the Court to supervise an unrelated dispute. He seeks a stay to preserve adjudication of forensic-testing claims that are directly connected to this case, that concern the same evidence-access framework the State Defendants themselves compare to the Fingerprint Act, and that now appear in Mr. Carruthers' operative pleading. The relief requested is therefore tethered to this litigation and to the Court's ability to provide meaningful relief, not to a future hypothetical application for federal jurisdiction over a different matter.

## III.     The equities favor a stay of execution and a stay of litigation.

State Defendants' delay narrative is unsupported. As discussed in the Second Motion, Mr. Carruthers filed his request for DNA testing in the Tennessee Supreme Court within two weeks of the undersigned counsel being retained. Had the State agreed to the testing, it would already be complete. Instead, the State opposed testing, and the Tennessee Supreme Court took three weeks to issue a one-page Order denying his request. Within two business days, Mr. Carruthers filed his request in the Criminal Court and sought expedited review. Those facts show diligence, not gamesmanship. Similarly, as discussed in the Second Motion and supported by precedent, the prejudice analysis favors Mr. Carruthers. And the public interest also supports the requested relief. The Supreme Court has long recognized that death is different and that reliability in capital cases is uniquely important. Rushing to execution while Mr. Carruthers' state-court DNA request remains pending would disserve the public interest in reliable capital sentences and meaningful judicial review. A limited stay ensures that the courts, not the execution date, determine whether the State's procedures satisfy due process.

### CONCLUSION

5

For these reasons and for the reasons discussed in Plaintiff's Second Motion, this Court should grant the Second Motion.

Dated: May 11, 2026

Respectfully submitted,

*/s/ Melanie C. Verdecia* .
Melanie C. Verdecia, Esq.*
QUARLES & BRADY LLP
101 East Kennedy Blvd., Suite 3400
Tampa, FL 33602
(813) 387-0300
melanie.verdecia@quarles.com

Lucas Cameron-Vaughn
TN BPR No. 036284
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel.: 615-645-5067
lucas@aclu-tn.org

Maria DeLiberato, Esq.*
American Civil Liberties Union
201 W. Main St. Suite 402
Durham, NC 27701
(717) 503-2730
mdeliberato@aclu.org

*Admitted *Pro Hac Vice*

*Counsel for Plaintiff Tony Carruthers*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on May 11, 2026, a true and correct copy of the foregoing has been served on counsel for all Defendants via the Court's CM/ECF system to the following:

Cody N. Brandon
Deputy Attorney General
Constitutional Defense Division
JONATHAN SKRMETTI
Attorney General and Reporter
P.O. Box 20207

E. Lee Whitwell
Chief Litigation Attorney
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2145

6

Nashville, Tennessee 37202-0207
Off. (615) 532-7400
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
*Counsel for State Defendants, Tennessee Attorney General and Reporter Jonathan Skrmetti, 30th Judicial District Attorney General Steve Mulroy, Tennessee Bureau of Investigation Director David Rausch, Tennessee Department of Correction Commissioner Frank Strada, and Riverbend Maximum Security Institution Warden Kenneth Nelsen*

lee.whitwell@shelbycountytn.gov
*Counsel for Defendant Heidi Kuhn, Shelby County Clerk of Court*

Michael Rhodes Fitzgerald, Jr.
Deputy General Counsel
Office of the General Counsel
505 Summer Place, UTT #1155
Knoxville, TN 37902
865-974-9321 Telephone
mike.fitzgerald@tennessee.edu
*Counsel for Defendant, Dr. Scott Collier,, Chief, Shelby County Medical Examiner*

and via U.S. Mail to the following:

Cerelyn Davis, Chief of Police
Memphis Police Department
170 North Main Street
Memphis, TN 38103

*/s/ Melanie C. Verdecia*
Melanie C. Verdecia, Esq.
QUARLES & BRADY LLP
101 East Kennedy Blvd., Suite 3400
Tampa, FL 33602
(813) 387-0300
melanie.verdecia@quarles.com
*Attorney for Plaintiff*