# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| TONY VON CARRUTHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 3:26-cv-00540 |
| v. | ) | |
| | ) | CAPITAL CASE |
| JONATHAN SKRMETTI, Attorney | ) | |
| General, Tennessee, HEIDI KUHN, Shelby | ) | |
| County Clerk of Court, STEVE MULROY, | ) | |
| Shelby County District Attorney, | ) | |
| CERELYN DAVIS, Chief, Memphis Police | ) | |
| Department, DAVID RAUSCH, Director, | ) | |
| Tennessee Bureau of Investigation, | ) | |
| DR. SCOTT COLLIER, Chief, Shelby | ) | |
| County Medical Examiner, FRANK | ) | |
| STRADA, Commissioner, Tennessee | ) | |
| Department of Correction, and | ) | |
| KENNETH NELSON, Warden, Riverbend | ) | |
| Maximum Security Institution, each in | ) | |
| their official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY SHELBY COUNTY CRIMINAL COURT CLERK HEIDI KUHN

Defendant Shelby County Criminal Court Clerk Heidi Kuhn submits this

Memorandum in support of her Motion to Dismiss, stating as follows:

There is no real dispute that Defendant Kuhn should not have been included

as a party to this lawsuit. In both Plaintiff's original complaint, and in his amended

complaint, Defendant Kuhn is almost entirely absent, and is not accused of any

misconduct. Plaintiff brings no claims against her at all. In fact, she is mentioned only in a single paragraph in the "Parties" identification section. In that paragraph, Plaintiff states "Defendant Heidi Kuhn is the Shelby County Clerk of Court and is in possession of the evidence introduced at trial. She is being sued in her official capacity." (ECF 32, PageID 1563). That is the only accusation against her at all. As the Court has acknowledged, Plaintiff "does next to nothing to explain who all is being sued on which claim or why any particular Defendant is on the hook for relief in connection with any claim." (ECF 39, PageID 2967, n.1). Defendant Kuhn should be dismissed from this case.

<u>LAW AND ARGUMENT</u>

A complaint survives a motion to dismiss only if it contains "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" if the plaintiff provides enough factual allegations for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Hutchison v. Metro. Gov't of Nashville & Davidson Cnty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) ("In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal's* standards strictly.").

In order to make out a § 1983 claim, a plaintiff must establish "(1) the violation of an existing constitutional right (2) by a person acting under color of state law." *Burden v. Paul*, 493 F. App'x 660, 662 (6th Cir. 2012) (citation omitted). And the Sixth Circuit has recognized that a claim "must allege, with particularity,

2

facts that demonstrate what ***each*** defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original). In such actions, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Thomas v. Crawford*, No. CV 5:18-224-JMH, 2018 WL 2768672, at *2 (E.D. Ky. June 8, 2018) ("Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, a plaintiff must specify the county policy or custom which he alleges caused his injury.") (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010)).

Here, Plaintiff pleads no facts against Defendant Kuhn at all. Nor does he plead any facts against Shelby County Government.[1] He has failed categorically to plead any facts or cause of action against either. Thus, Defendant Kuhn should be dismissed.

---

[1] "An official-capacity claim against a person is essentially a claim against the municipality." *Peatross v. City of Memphis*, 818 F.3d 233, 240–41 (6th Cir. 2016) (emphasis removed, citation omitted). Here, Defendant Kuhn was sued in her official capacity. But, in any event, Plaintiff alleges no misconduct (or any conduct, for that matter) against either Clerk Kuhn or Shelby County Government.

3

Respectfully submitted,

*/s/ E. Lee Whitwell*
E. Lee Whitwell (#33622)
Chief Litigation Attorney
Shelby County Attorney's Office
160 North Main Street, Suite 950
Memphis, TN 38103
(901) 222-2100
lee.whitwell@shelbycountytn.gov

*Attorney for Defendant Heidi Kuhn*

Certificate of Service

I certify that the foregoing is being filed via the Court's ECF system this 22nd day of May, 2026, for service on all persons registered in connection with this civil action.

*/s/ E. Lee Whitwell*

4